```
                              UNITED STATES DISTRICT COURT
                                DISTRICT OF CONNECTICUT

------------------------------x
                              :
US BANK TRUST, N.A.           :   Case No. 3:21CV01280(SALM)
                              :
v.                            :
                              :
STEPHEN J. MALEC, KEELEY      :
MALEC, FAIRFIELD COUNTY       :
BANK, and CAPITAL ONE BANK    :
(USA), N.A.                   :   October 20, 2021
                              :
------------------------------x
```

**ORDER REMANDING MATTER TO CONNECTICUT SUPERIOR COURT**

Self-represented party Keeley Malec has filed a Notice of Removal, attempting to remove this matter to federal court. See Doc. #1. For the reasons set forth below, this matter is hereby **REMANDED** to the Superior Court for the State of Connecticut, Stamford/Norwalk Judicial District.

I. **Background**

On September 23, 2021, Keeley Malec filed a Notice of Removal ("Notice") in the matter of US Bank Trust N.A. v. Malec, Stephen J, A/K/A Stephen K Malec Jr, et al., Civil No. FST-CV15-6026899-S (Conn. Super. Ct.) (Nov. 16, 2015) (the "Superior Court Foreclosure Action").[1] The Superior Court Foreclosure

---

[1] Keeley Malec provided the case number and a copy of the docket sheet for the State Court Case in her notice of removal, see Doc. #1, but did not provide a "copy of all process, pleadings, and orders served upon such defendant or defendants in such action[,]" as required by 28 U.S.C §1446(a). For the purposes of this Order, the Court takes judicial notice of all filings on

1

Action names four defendants: Stephen K. Malec, Jr.; Keeley Malec; Fairfield County Bank; and Capital One Bank (USA), N.A. See Superior Court Foreclosure Action, Summons, Nov. 16, 2015. A Judgment of Strict Foreclosure entered on August 7, 2017, and an Execution of Ejectment ordering the Malecs to vacate the property was ultimately issued on August 24, 2021. See Superior Court Foreclosure Action, Entry Nos. 155, 230.

    Keeley Malec previously attempted to remove this action to this Court on March 16, 2021. See US Bank Trust, N.A. v. Stephen J. Malec and Keeley Malec, 3:21CV00361(JAM) (D. Conn. Mar. 16, 2021), Doc. #1. Judge Jeffrey A. Meyer remanded the action to the Superior Court for the State of Connecticut, Stamford/Norwalk Judicial District, on March 29, 2021. See id. at Doc. #9. In his remand order, Judge Meyer observed that the Court lacked subject matter jurisdiction over the case, and also that removal was untimely. Judge Meyer concluded: "Because it is apparent that there is no proper basis for removal and that this action was removed for improper purposes to delay state court proceedings, the Court forthwith REMANDS this action back to the

---

the docket in the Superior Court Foreclosure Action. See Kramer v. Time Warner Inc., 937 F.2d 767, 774 (2d Cir. 1991) ("[C]ourts routinely take judicial notice of documents filed in other courts, ... not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.").

2

Connecticut Superior Court, Judicial District of Stamford[.]" Id.

Keeley Malec again attempts to remove this action to this Court. In the Notice of Removal, Keeley Malec cites to 28 U.S.C. §1332, governing diversity jurisdiction, and 28 U.S.C. §1331, governing federal question jurisdiction. See Doc. #1 at 3. In apparent support of the claim of federal question jurisdiction the Notice asserts that plaintiff violated 42 U.S.C. §1983 and 18 U.S.C. §513. See Doc. #1 at 10-12. Again, this Court lacks jurisdiction; removal is improper and untimely; and the removal appears to be nothing more than a delay tactic.

**II. Applicable Law**

Under federal law, a state court defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]" 28 U.S.C. §1441(a). "[T]he burden of establishing that removal is proper[]" falls on the party seeking removal. United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994). "[F]ederal courts construe the removal statute narrowly, resolving any doubts against removability." Purdue Pharma L.P. v. Kentucky, 704 F.3d 208, 213 (2d Cir. 2013) (citations and quotation marks omitted).

In all matters, whether removed or not, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). "If the court determines at any time it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added).

In addition to the requirement of subject matter jurisdiction, the removal statute imposes certain requirements and limitations that must be met by a party seeking removal.

We read the submissions of Keeley Malec, as a self-represented party, "liberally, and will interpret them to raise the strongest arguments that they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). Nevertheless, even actions filed by self-represented litigants are subject to dismissal where the Court lacks subject matter jurisdiction. See, e.g., Nachbaur v. Weiss, 19 F. App'x 24 (2d Cir. 2001) (affirming sua sponte dismissal of self-represented party's complaint for lack of subject matter jurisdiction).

### III. Discussion

Keeley Malec seeks to remove this case to this Court pursuant to 28 U.S.C. §1441, invoking the jurisdiction of this Court under both diversity and federal question jurisdiction. See Doc. #1 at 11. The Court lacks subject matter jurisdiction.

4

A.     Attempted Removal Based on Diversity Jurisdiction

Keeley Malec contends that this Court has jurisdiction based on diversity of citizenship, stating: "[T]he Plaintiff does not reside in the same State as the Defendant and the amount in dispute is over $75,000." Doc. #1 at 11. District courts have jurisdiction based on diversity of citizenship in "civil actions where the matter in controversy exceeds the sum or value of $75,000 ... and is between ... citizens of different States." 28 U.S.C. §1332(a). Assuming, for the sake of this Order, that these requirements are met, this matter nonetheless may not be removed under a diversity jurisdiction theory.

"A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if <u>any</u> of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. §1441(b)(2) (emphasis added). Keeley Malec asserts that she resides at "21 Beverly Place, Norwalk, CT 06850[.]" Doc. #1 at 13.

This case was filed in the Superior Court for the State of Connecticut. Keeley Malec, as a citizen of the State of Connecticut, therefore may not remove this case based on diversity jurisdiction. <u>See</u> <u>Lincoln Prop. Co. v. Roche</u>, 546 U.S. 81, 90 (2005) (28 U.S.C. "§1441(b) bars removal on the basis of diversity if any party in interest properly joined and served as

5

a defendant is a citizen of the State in which the action is brought." (citations and quotation marks omitted)).

    B.    <u>Attempted Removal Based on Federal Question Jurisdiction</u>

Keeley Malec further contends that this Court has jurisdiction based on a federal question. <u>See</u> Doc. #1 at 11. No federal claims appear in the complaint. <u>See</u> Doc. #1 at 15-22. No counterclaims have been asserted, but the Notice of Removal alleges that plaintiff violated 42 U.S.C. §1983 and 18 U.S.C. §513. <u>See</u> Doc. #1 at 10-12. These conclusory allegations appear to have been made solely in an effort to invoke federal question jurisdiction. <u>See</u> <u>id.</u> at 11-12. The Court notes that Keeley Malec's Answer, filed in the Superior Court Foreclosure Action prior to removal, makes no reference to 42 U.S.C. §1983 or 18 U.S.C. §513, and does not assert any counterclaim. <u>See</u> Superior Court Foreclosure Action, Entry No. 116 at 1.

A District Court has subject matter jurisdiction based on a federal question in "all civil actions <u>arising under</u> the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331 (emphasis added). The Supreme Court has held that "arising under" means that the federal claim "must be an element, and an essential one, of the plaintiff's cause of action[.]" <u>Gully v. First Nat'l Bank</u>, 299 U.S. 109, 112 (1936) (citations omitted). Even if Keeley Malec <u>had</u> asserted a counterclaim, "a

6

counterclaim -- which appears as part of the defendant's answer, not as part of the plaintiff's complaint -- cannot serve as the basis for 'arising under' jurisdiction." Holmes Group, Inc. v. Vornado Air Circulation Sys., 535 U.S. 826, 831 (2002). It is therefore "settled law that a case may not be removed to federal court on the basis of a federal defense[.]" Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987) (emphasis in original).[2]

Accordingly, Keeley Malec's invocation of federal statutes in the Notice of Removal is insufficient to confer federal question jurisdiction on the Court. Furthermore, this Court would decline to exercise jurisdiction over this matter, for at least two reasons.

The complaint in this case "sounds squarely and solely in foreclosure, a quintessential state cause of action." Bank of New York v. Consiglio, No. 3:17CV01408(CSH), 2017 WL 4948069, at *3 (D. Conn. Nov. 1, 2017). Federal courts generally abstain from exercising jurisdiction over foreclosure matters. See Muong v. Fed. Nat. Mortg. Ass'n, No. 1:13CV06564(KAM), 2013 WL 6667374, at *2 (E.D.N.Y. Dec. 16, 2013) ("[I]t is well settled that judgments of foreclosure ... are fundamentally matters of

---

[2] While there may be "situations [that] exist in which a complaint that does not allege a federal cause of action may nonetheless 'arise under' federal law for purposes of subject matter jurisdiction[,]" none of those situations is presented here. Fracasse v. People's United Bank, 747 F.3d 141, 144 (2d Cir. 2014).

7

state law." (collecting authorities)). "The Court does not have jurisdiction to entertain a challenge to a state court judgment of foreclosure, however creatively cloaked." Woermer v. Hirsh, No. 3:18CV01898(KAD), 2018 WL 7572237, at *3 (D. Conn. Dec. 11, 2018).

In addition, even though this matter is presented to the Court on a petition for removal, rather than an affirmative claim for relief, Keeley Malec clearly seeks to attack the state court's judgment of foreclosure and order of ejection. See, e.g., Doc. #1 at 5 (alleging that the mortgage at issue was "predatory and unenforceable[]"); id. at 8 (alleging that Keeley Malec had a "right to an orderly modification" of the mortgage). Indeed, the Notice of Removal expressly states that it is "asking the United States District Court to order the complaint in state court, dismissed[.]" Id. at 10 (sic). The Rooker-Feldman doctrine precludes a federal court from reviewing and rejecting a state court judgment. See Gonzalez v. Deutsche Bank Nat. Tr. Co., 632 F. App'x 32, 33-34 (2d Cir. 2016).

For all of these reasons, the Court lacks subject matter jurisdiction based on a federal question.

C.  Procedural Requirements for Removal

Even if the Court had subject matter jurisdiction to hear this matter, the removal would fail, under the requirements of the statute.

"When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. §1446(b)(2)(A). As noted, Keeley Malec is not the only defendant named in the Superior Court Foreclosure Action; the other three are Stephen K. Malec, Jr.; Fairfield County Bank; and Capital One Bank (USA), N.A. See Superior Court Foreclosure Action, Summons, Nov. 16, 2015. The Notice of Removal filed by Keeley Malec is signed only by Keeley Malec, see Doc. #1 at 13, and states, in the singular: "The Defendant consents to the removal of this action to federal court." Id. at 7 (emphasis added). There is no indication that the other three defendants consent to removal of this action to federal court.

Finally, the removal is untimely. "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant ... of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. §1446(b)(1). "A case may not be removed under [§1446](b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action[.]" 28 U.S.C. §1446(c)(1).[3] The

---

[3] Where a case is removed on the basis of diversity jurisdiction, section 1446(c) permits removal "more than 1 year after commencement of the action" where "the district court finds that the plaintiff has acted in bad faith in order to prevent a

Superior Court Foreclosure Action was filed on November 16, 2015. See Doc. #1 at 23. The docket attached to the Notice indicates that a return of service was filed on that same date. See id. at 25. Keeley Malec filed the Notice of Removal on September 23, 2021, nearly six years later. See Doc. #1. Judge Meyer has previously warned Keeley Malec that removal at this date is untimely, and that such delay supports a finding that removal was attempted for an improper purpose. See US Bank Trust, N.A. v. Stephen J. Malec and Keeley Malec, 3:21CV00361(JAM) (D. Conn. Mar. 29, 2021), Doc. #9. The undersigned concurs.

## IV. Conclusion

For the foregoing reasons, this case is **REMANDED** to the Superior Court for the State of Connecticut, Stamford/Norwalk Judicial District, because this Court lacks subject matter jurisdiction.

The Court has now advised Keeley Malec twice that this action is not removable to this Court. See US Bank Trust, N.A. v. Stephen J. Malec and Keeley Malec, 3:21CV00361(JAM), (D.

---

defendant from removing the action." 28 U.S.C. §1446(c)(1). The Notice of Removal includes discussions of "fraudulent joinder[]" and "gamesmanship," which the Court construes to be an attempt to invoke this exception. Doc. #1 at 6. The exception, which relates to the fraudulent joinder of non-diverse parties, has no application here.

Conn. Mar. 29, 2021), Doc. #9. **If Keeley Malec attempts to remove this action to federal court again, without a valid basis, and in violation of the requirements of the removal statute, sanctions may be imposed.** Such sanctions may include monetary penalties, or imposition of an anti-filing injunction, barring Keeley Malec from bringing further actions in this Court. Keeley Malec is advised to review Rule 11 of the Federal Rules of Civil Procedure carefully. That Rule permits a court to impose sanctions on a party who, among other things, makes a filing for any improper purpose, such as delay, or makes claims or arguments that the party knows are not supported by law. See Fed. R. Civ. P. 11(b), (c).

The Clerk shall mail a copy of this Order to Keeley Malec at her address of record.

It is so ordered at New Haven, Connecticut, this 20th day of October, 2021.

                                                /s/
                                        HON. SARAH A. L. MERRIAM
                                        UNITED STATES DISTRICT JUDGE